NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-242

DONALD P. LEMOINE

VERSUS

CITY OF MARKSVILLE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2015-2021-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret,
Judges.

AFFIRMED.

**Michael J. O'Shee**
**Samuel N. Poole, Jr.**
**Joshua J. Dara, Jr.**
**Steven M. Oxenhandler**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, Louisiana  71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **City of Marksville**
    **Keith Carmouche**

**Derrick G. Earles**
**Jeff D. Easley**
**Laborde Earles Law Firm, LLC**
**Post Office Box 1559**
**Marksville, Louisiana  71351**
**(318) 253-3297**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Donald P. Lemoine**

**CONERY, Judge.**

This case involves a traffic accident between the plaintiff, Donald D. Lemoine (Mr. Lemoine) and Kirk Carmouche (Mr. Carmouche), who was an employee of the City of Marksville (the City) at the time of the accident. Both Mr. Carmouche and the City were named as defendants. The trial court issued a judgment on December 21, 2016, finding in favor of Mr. Lemoine and against Mr. Carmouche and the City. The trial court found Mr. Carmouche and the City were "solely at fault in the subject accident." The City timely appealed the trial court's judgment finding that Mr. Carmouche was one hundred percent liable for Mr. Lemoine's alleged damages. The City represented Mr. Carmouche throughout the proceedings, and made a judicial admission on the record that he was an employee of the City. Nevertheless, while the City appealed, through an attorney or staff oversight, the City failed to also appeal on behalf of Mr. Carmouche. In his briefing to the court, Mr. Lemoine through counsel sought to have the City's appeal dismissed and the issue was referred to oral argument before this Court.

Just prior to oral argument, the City filed a motion to remand the case to the trial court seeking modification of the judgment to include the necessary "proper decretal language" in order to maintain this court's jurisdiction over the appeal. At oral argument, counsel for Mr. Lemoine stipulated that the appeal filed by the City was also filed on behalf of Mr. Carmouche. Based on the stipulation by all counsel, the request made by Mr. Lemoine to dismiss the City's appeal is now moot, rendering the City's motion to remand moot. For the following reasons we affirm the trial court's December 21, 2016 judgment in its entirety.

## FACTS AND PROCEDURAL HISTORY

Mr. Lemoine was exiting a private driveway with a mountable curb when he stopped to let Appellant's vehicle pass. When Mr. Lemoine stopped, the trailer hitch on his truck extended over the curb approximately 5 inches. Kirk Carmouche, operating a City of Marksville truck towing a trailer, passed behind Mr. Lemoine's truck. The City's trailer was nine inches wider than the City's truck. The truck passed by without incident but the wheels of the trailer it towed went onto the curb and struck Mr. Lemoine's trailer hitch, pulling on Mr. Lemoine's truck and causing the damages made the basis of this litigation.

In his original petition dated July 27, 2015, Mr. Lemoine filed suit naming only the City as a defendant. However, the first paragraph of his petition describes the accident between Mr. Lemoine and Mr. Carmouche and identifies Mr. Carmouche as an employee of the City.

In his first supplemental and amending petition for damages, Mr. Lemoine formally named Mr. Carmouche and the insurance company of the City, (identified then as "ABC, the unknown liability insurer of Kirk Carmouche") as defendants.

The trial court held a bench trial on October 26, 2016 and issued its extensive reasons for ruling on December 9, 2016. A judgment was signed on December 21, 2016 finding in favor of Mr. Lemoine and awarding him $25,000 in general damages and $5,682.79 in medical expenses against the City and Mr. Carmouche. In its December 27, 2016 ruling on a post-trial motion to tax costs, the trial court assessed costs of $1,499.50 against the City. A timely petition for devolutive appeal was filed on January 6, 2017.

## ASSIGNMENTS OF ERROR ON APPEAL

The City and Mr. Carmouche assign the following errors on appeal (modifications ours):

**A. Error No. 1:** The trial court erred in finding the accident at issue occurred as a result of the sole negligence of city employee Kirk Carmouche, thus making the City 100% liable for Plaintiff's claimed damages, which should not have been awarded at all.

**B. Error No. 2:** *Alternatively*, the trial court erred in failing to find comparative fault, and in failing to reduce the damage award accordingly.

**C. Error No. 3:** The trial court erred in assessing costs against the City.

## LAW AND DISCUSSION

### Standard of Review

In *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, p. 8 (La. 12/8/15), 193 So.3d 1110, 1115-16, the supreme court reiterated the duty of appellate courts under a manifest error review and stated in pertinent part:

> In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Cenac v. Public Access Water Rights Ass'n*, 02-2660, p. 9 (La. 6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. Rather in reversing a trial court's factual conclusions with regard to causation, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993).

> This test requires a reviewing court to do more than simply review the record for some evidence, which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Parish Nat. Bank v. Ott*, 02-1562, pp. 7-8 (La.

2/25/03), 841 So.2d 749, 753-54. The issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the judge's or jury's factfinding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973).

***Assignment of Error Number One:***

The City and Mr. Carmouche argue that the trial court erred in finding that Mr. Carmouche, the City's employee, was "solely" at fault in causing the accident that occurred on November 5, 2014, at approximately 10:32 a.m. The accident involved a 2012 Ford F-250 pickup truck belonging to Mr. Lemoine and a sixteen foot long flatbed utility trailer owned by the City, being towed by the City's vehicle. The City's vehicle was driven by the City's employee, Mr. Carmouche, in the course and scope of his employment.

The accident occurred when Mr. Carmouche was backing out of a private driveway onto Andrus Street in Marksville, Louisiana. Although the City claims that Mr. Lemoine was in the act of backing up, the weight of the testimony at trial supports the trial court's finding that Mr. Lemoine was completely stopped in the driveway at the time of the accident. Officer Kenny Jeansonne of the Marksville Police Department who investigated the accident was adamant in his testimony that Mr. Lemoine was free from fault in the accident. Officer Jeansonne based his opinion on the area of disturbed ground near the curb, which indicated to him that the Lemoine vehicle had been stopped in the driveway and was moved or pulled by the City's trailer on impact. Officer Jeansonne also testified the trailer hitch on Mr. Lemoine's truck was not actually in the roadway. He was not asked about whether Mr. Lemoine's trailer hitch extended over the curb. However, he ultimately opined that the tires on the City's flatbed trailer "jumped the curb and struck the hitch."

4

The trial court found that the ball trailer hitch attached to Mr. Lemoine's truck extended approximately five inches over the "mountable" curb. Mountable curbs are approximately twelve to thirteen inches in width and allow residents easy access to their driveways, while also providing for drainage.

Mr. Carmouche was driving a City owned truck that was pulling a ninety-six inch flatbed trailer as he passed by the driveway where Mr. Lemoine had stopped and waited to back out onto the street. Peggy Upright, the owner of the property from which Mr. Lemoine was attempting to exit, witnessed the accident. Ms. Upright testified at trial that the City's truck passed her home without a problem, but the right rear wheels of the trailer were on the curb. The City's trailer wheels were not in her driveway or on her lawn. Ms. Upright further testified that a vehicle was coming in the opposite direction from the City's vehicle and that Mr. Carmouche was attempting to wave and talk to the driver of the oncoming vehicle. Both were going slow. It appeared to her that Mr. Carmouche had his hand out of the window signaling to the driver of the oncoming vehicle at the time of the accident.

The flatbed trailer, which is nine inches wider than the City's truck, came into contact with Mr. Lemoine's trailer hitch, which was then pulled in the same direction as the City's truck and trailer. Mr. Lemoine testified that "the rear end of my truck was pushed at an angle" and as a result, the trailer hitch "was bent" and the undercarriage of the truck "was also twisted." The Lemoine trailer hitch bent the right fender of the City's flatbed trailer and flattened the right rear wheel. The trial court found that Mr. Lemoine's vehicle suffered damage to its trailer hitch which "was bent under the carriage and twisted," and also found "the fender was bent and the tire was blown out."

5

The City argues that it was the responsibility of Mr. Lemoine to pull forward and not obstruct the roadway. Mr. Lemoine had a high duty of care, as he was attempting to back his truck out of a private driveway onto a public street when the accident occurred. La.R.S. 32:124.[1] However, as previously stated, the overwhelming evidence presented at trial demonstrated that Mr. Lemoine was actually stopped in the driveway at the time of the accident. In fact, the only individual who testified that the Lemoine vehicle was not stopped was Mr. Carmouche.

In its reasons for ruling the trial court found the following:

> Defendant argues that the duty was on Lemoine, not Carmouche, to take reasonable steps to avoid the collision as Lemoine could have simply moved further into the private driveway. However, Louisiana law and jurisprudence does not support this claim. La. Stat. Ann. § 32:380 regulates the width and projecting load regulations for purposes of avoiding accidents just like this one. Carmouche was responsible for safely transporting his trailer, which extended 9 inches wider than his truck, and for taking reasonable steps to avoid the extension of his load from encroaching where other vehicles had a right to be. In this case, the advantage was to Carmouche, who had time to see Lemoine's truck and trailer, knew of the width and existence of the trailer behind the truck, and had ample room within the bounds of his own lane to avoid striking Lemoine's vehicle. It is not reasonable to assume that Lemoine would have knowledge that Carmouche was pulling a trailer behind his truck, how far that trailer extended, nor could Lemoine have reasonably foreseen that Carmouche might drive that trailer onto the curb where Lemoine was already visibly stopped. By stopping halfway onto the mountable curb and not interfering with oncoming traffic, Lemoine did not breach a duty of care to the defendants in this case. Had Carmouche been paying attention, he would have likely had time to assess the location of Lemoine's trailer hitch—as no facts exist to assert that visibility was impaired by any other factors that day—and appropriately maintain control of his own vehicle within his

---

[1] Louisiana Revised Statutes 32:124 provides:
The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.

designated lane. No further evasive action was warranted by Carmouche to avoid this collision other than maintaining his vehicles within the designated lane.

The City and Mr. Carmouche argue that the trial court erred in citing La.R.S. 32:380, which provides in pertinent part, "[t]he width of any vehicle shall not exceed one hundred two inches, exclusive of safety devices." It is not disputed that the trailer width exceeded the City's truck by nine inches, so the trailer's total width was nine-six inches. The City's expert, Jeremy Hoffpauir testified, "[t]he road is 18 feet wide, the trailer is 96 inches wide so if we divide the road in half it's 9 feet, trailer is 8 feet wide, he had six inches to play with on the side of his lane . . ."

Although the City and Mr. Carmouche argue that the trial court was manifestly erroneous in citing La.R.S. 32:380, we do not agree. As quoted, in the trial court's reasons, the trial court made a finding of fact that if Mr. Carmouche had been paying attention to the road and to Mr. Lemoine's stopped vehicle in the driveway, according to the City's own expert, he would have had six inches on either side of the road to have avoided hitting the Lemoine vehicle.

The trial court also addressed the argument made by the City and Mr. Carmouche that the mountable curb is part of the roadway, therefore Mr. Lemoine was partially at fault for the accident because his trailer hitch hung over the mountable curb. The trial court found:

> Jurisprudence further supports that, even where a vehicle is stalled in the roadway, the duty rests with the approaching vehicle/driver (who has adequate visibility) to take reasonable steps to avoid a collision. Certainly, if the curb is accessible for vehicular traffic, then Lemoine being situated there first should have been enough notice for Carmouche to signal that he could not safely drive his extended trailer onto the curb where Lemoine was already stopped in plain sight.

7

The defendants argue that the curb served much like a shoulder where vehicles could drive to avoid roadway hazards, pull over, etc. Applying that argument to a scenario where a vehicle is already parked along a shoulder and an oncoming vehicle – having clear visibility and notice of the parked vehicle on the shoulder – hits it, then negligence clearly exists on the part of the moving vehicle and not the vehicle parked on the shoulder. The same scenario should be applied to this case, while also weighing heavily Carmouche's inattention as a direct cause of the collision. [*See Toten v. Gen. Motors Corp.*,479 So.2d 957 (La.App 3 Cir. 1985).]

Based on the evidence presented and the trial court's determination of the credibility of the witnesses who testified at trial, the trial court found "that the subject accident occurred as a result of the negligence of Kirk Carmouche." After a careful review of the record, we agree and find there is ample evidence to support the trial court's ruling on liability and affirm the trial court's December 21, 2016 judgment.

***Assignment of Errors Numbers Two and Three***

In assignment of error number two, the City and Mr. Carmouche urge, in the alternative, that the trial court erred in failing to find comparative fault and, in so doing, failing to reduce the damage award made to Mr. Lemoine. In assignment of error number three, the City and Mr. Carmouche allege the trial court erred in assessing costs against the City.

Because we find that the trial court was not manifestly erroneous in its determination that Mr. Carmouche was one-hundred percent at fault in causing the accident with Mr. Lemoine, we find no merit in Appellants' alternative assertion that the trial court failed to conduct a comparative fault analysis and failed to place some degree of fault on Mr. Lemoine. Though the trial court's judgment did not specifically so state, we find that because Mr. Carmouche was admittedly an employee of the City, acting within the course and scope of his employment, under

the principles of respondeat superior the City is solidarily liable for the fault of its employee, Mr. Carmouche. La. Civ.Code art. 2320.

The City and Mr. Carmouche are therefore liable in solido for the total amount of the judgment in favor of the plaintiff, Mr. Lemoine, in the amount of $30,682.79, plus legal interest from the date of judicial demand. All costs of the proceedings and the post-trial court cost of Mr. Lemoine's expert were properly taxed to the City.

## CONCLUSION

For the foregoing reasons, the December 21, 2016 judgment of the trial court is affirmed in its entirety. All costs of this appeal are assessed to the City of Marksville and Keith Carmouche.


**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-13.3.